NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1032

COMMONWEALTH

vs.

PETER J. CHONGARLIDES, SR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a judge of the District Court revoking his probation. He asserts that the judge abused his discretion when he relied on hearsay statements to conclude that the defendant violated his probation by committing new offenses and erred by failing to make written findings that the hearsay was substantially reliable. We affirm.

Background. On June 6, 2019, the defendant pleaded guilty in the District Court to vandalizing property in violation of G. L. c. 265, § 126A. A judge sentenced him to two years in a house of correction, with nine months to serve and the balance suspended for a term of three years. While he was on probation, the defendant was charged with new offenses stemming from three instances of abuse of his girlfriend (victim). The defendant

received proper notice of the violations and a final surrender hearing was scheduled.

At the hearing, the judge heard testimony from a police officer who responded to a call, on July 13, 2020, and received a report by the victim that the defendant had assaulted her. The officer testified not only to the victim's statements, but to his own observations of her "distressed" and "nervous" demeanor, and the defendant's raised voice when speaking with the victim. The judge also received several documentary exhibits, including police narratives and medical records associated with the reported abuse of the victim. The first police report described an incident, on November 4, 2020, in which the victim reported that the defendant approached the victim with a knife, called her names, pushed her against a truck, scratched the truck with the knife, followed her when she attempted to walk away, knocked her down, and kicked her in the face, stomach, and side as she lay on the ground. The second report detailed an assault about two weeks later, on November 17, 2020, where the victim reported that the defendant had punched the victim in the face repeatedly until she fell to the ground then stomped on her chest and refused to let her leave the home. The victim did not testify at the hearing.

At the conclusion of the hearing, the judge made oral findings on the record as follows:

2

"So, I've looked at the police reports. I've heard the testimony of the officer. I -- The police reports from the incidences (sic) of November 4th and November 17. They are hearsay. I find them to be based on personal knowledge and direct observation. They involve observations reported close in time. They're corroborated. They're provided under circumstances that would support the veracity of the source. They're factually detailed, internally consistent, and I note that, at least for the November 17 incident, [the victim] states that she was punched in the face and Mr. Chongarlides . . . stomped on her chest. She grabbed her left side when the police was (sic) talking to her, etcetera.

"When I look at the medical reports, [the victim], after having been assaulted last night by a known assailant, her diagnosis and injures are multiple facial fractures, multiple rib fractures. I find that to be corroborating evidence. I heard from the officer as to the other incident.

"Based upon the totality of the evidence before me, I find Mr. Chongarlides in violation of probation."

The judge did not make written findings.

Discussion. 1. Hearsay. The defendant argues that the judge violated his due process rights by improperly relying on unreliable hearsay statements of the victim offered through the testimony of one police officer, incident reports of two other officers, and medical records.[1] He contends that without these

---

[1] Citing Commonwealth v. Durling, 407 Mass. 108, 112, 117-118 (1990), the defendant also argues that the Commonwealth failed to set forth "good cause" for the absence at the probation violation hearing of the victim and the officers who authored the police reports that were taken as evidence. There was also considerable discussion at the hearing between the judge and the parties regarding the availability of the witnesses and efforts by the Commonwealth to secure their presence. We take this opportunity to reemphasize that "if reliable hearsay is

3

hearsay statements there was an inadequate basis for the judge to find that he violated his probation.

"In probation violation proceedings, the Commonwealth bears the burden of proving by a preponderance of the evidence that the probationer violated the terms and conditions of [his] probation." Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 47 (2018). At a probation violation hearing, a judge may rely on hearsay evidence that has "substantial indicia of reliability." Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 668 (2019). In assessing whether hearsay is substantially reliable, the judge may consider:

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity." Id., quoting Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).

See Commonwealth v. Costa, 490 Mass. 118, 124-125 (2022). "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable." Commonwealth v. Patton, 458 Mass. 119, 133 (2010). We review the judge's assessment of the reliability of that evidence for an abuse of

_____

presented, the good cause requirement is satisfied." Commonwealth v. Negron, 441 Mass. 685, 691 (2004).

4

discretion.  See Commonwealth v. Jarrett, 491 Mass. 437, 445 (2023), citing L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here, the judge did not abuse his discretion by concluding the hearsay evidence was substantially reliable.  Both police reports contained detailed accounts by the victim of the events she described.  The November 4th report was taken within one hour of the assault.  The reporting officer observed damage to a truck consistent with the victim's account that the defendant had scratched it with his knife and injuries to the victim's face that corroborated her statement that the defendant had kicked her.  The November 17th incident was reported by the victim the following day when police were called to the hospital where she was being treated.  The officer saw that the victim's eye was swollen almost shut, her forehead was cut and bruised, and her lips were swollen.  Moreover, during their conversation when the victim coughed, the officer saw the victim "shriek[] in pain" and grab her side, consistent with her report of having been stomped by the defendant.  Finally, the victim's hearsay statements were further corroborated by medical records that the judge found showed she had facial and rib fractures.

2. Judge's findings.  The defendant also contends that the judge's failure to make written findings that the hearsay was substantially reliable was error.  We disagree.

"[A] judge who relies on hearsay evidence in finding a violation of probation . . . should set forth in writing or on the record why [the judge] found the hearsay evidence to be reliable" (quotation and citation omitted).  Commonwealth v. Grant G., 96 Mass. App. Ct. 721, 725 (2019).  Here, the judge set forth orally on the record his reasons for finding the hearsay substantially reliable.  He cited six of the seven factors discussed in Hartfield, supra, in support of his conclusion.  Although written findings would have been preferable, they are not mandated.  Thus, there was no error.

Order revoking probation affirmed.

By the Court (Meade, Blake & Brennan, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  June 16, 2023.

---

[2] The panelists are listed in order of seniority.